United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Ray'Quan Harding, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 23-23775-Civ-Scola |
| | ) |
| Transunion LLC and others, | ) |
| Defendants. | ) |

### Order Striking Shotgun Pleading

Plaintiff Ray'Quan Harding, proceeding pro se, seeks to recover damages from Defendants Transunion LLC, Experian Information Solutions, and Upstart Network, Inc., for alleged inaccuracies in his credit reports. (Compl., ECF No. 1.) He also claims Upstart breached its contract with him. (*Id.*) In response, Experian and Upstart have both filed motions to dismiss (Experian's Mot. to Dismiss, ECF No. 23; Upstart's Mot. to Dismiss, ECF No. 3) and Transunion, after answering the complaint, filed a motion for judgment on the pleadings (Transunion's Mot. for J., ECF No. 33). Transunion and Experian both argue that Harding has failed to state a claim and that his complaint amounts to a shotgun pleading. And Upstart contends, among other things, that Harding's claims are barred by the doctrine of *res judicata*. Those three motions are fully briefed (or the time to respond and reply has expired) and are all ripe for review. The Court **grants** Transunion and Experian's motions, **in part**, as to their shotgun-pleading arguments and **denies** the remainder of those motions **as moot**. (**ECF Nos. 23, 33**.) Accordingly, the Court **denies** Upstart's motion to dismiss **as moot**. (**ECF No. 31**.) The Court also **grants** the Defendants' joint motion to stay discovery. (**ECF No. 38**).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2)'s purpose is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (cleaned up). Further, "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Rule 10 also provides that, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count" Fed. R. Civ. P. 10(b). Complaints that fail to comply with these rules are often referred to as "shotgun pleadings." *Weiland v. Palm Beach Cty. Sheriff's Office,* 792 F.3d 1313, 1320 (11th Cir. 2015).

"Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294-95 (11th Cir. 2018). In violating Rules 8(a)(2) and 10(b), such pleadings "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Id.* (cleaned up). When presented with a shotgun pleading, a district court "should strike the pleading and instruct counsel to replead the case—if counsel could *in good faith* make the representations required by Fed. R. Civ. P. 11(b)." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357-58 (11th Cir. 2018) (emphasis added).

Although Courts afford pro se litigants, such as Harding, "wide latitude when construing their pleadings and papers," this leniency "does not excuse pro se litigants from following the procedural rules." *Arrington v. Wells Fargo*, 842 F. App'x 307, 311 (11th Cir. 2020). Nor does the liberal construction of pro se filings "allow a court to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Id.* (cleaned up).

Against this backdrop, the Court turns to Harding's complaint which suffers from a number of pleading defects. To begin with, Harding's complaint is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland*, 792 F.3d at 1322. Harding frequently resorts to vague legal conclusions to support his claims: referencing "unlawful reporting of inaccurate and incomplete information" (Compl. ¶¶1, 22, 28, 82, 83); describing a "failure to conduct a reasonable investigation" (*id.* ¶¶1, 22, 84); and complaining the Defendants "violated" various statutes and "failed to uphold their duties and responsibilities" (*id.* ¶ 22, 85, 95). And while he supplies some factual allegations, he presents them in a dense and difficult to follow manner, frequently burying them within streams of immaterial information and lengthy recitations of statutory language and seemingly irrelevant historical background. Further, although Harding's complaint spans over 32 pages and over 100 paragraphs, the Court is unable to readily discern what specific information Harding claims was actually inaccurate in his reports or the particular nature of those purported inaccuracies.

Additionally, count two of Harding's complaint impermissibly adopts the allegations of the preceding count, which in turn incorporates the first 79 paragraphs of the complaint, which results in count two's carrying all that came before it, making it a confusing combination of the entire complaint up to that point. *Weiland*, 792 F.3d at 1321.

Next, Harding lumps his counts against Experian and Transunion together, without specifying which defendant is responsible for which acts or omissions. *See id.* at 1323 (noting the impropriety of "asserting multiple claims against multiple defendants without specifying which of the defendants are

responsible for which acts or omissions, or which of the defendants the claim is brought against"); *Silver Crown Investments, LLC v. Team Real Estate Mgmt., LLC*, 349 F. Supp. 3d 1316, 1333 (S.D. Fla. 2018) (Martinez, J.) (deeming complaint a shotgun pleading where the "[p]laintiffs assert multiple claims against the [d]efendants without identifying which of the defendants are responsible for which act or omission"). Harding's jumbling of parties, in those two counts as well as within other allegations throughout his complaint, makes it virtually impossible for each of the Defendants to ascertain which claims and allegations apply to them specifically.

In sum, the Court is unable to readily discern the underpinnings of Harding's legal grievances based on his frequent reliance on conclusory and vague allegations, his inclusion of dense immaterial information, his failure to plainly and succinctly identify and described the inaccuracies he complains of, and his difficult to parse narrative of events.

In order to remedy these deficiencies, the Court orders Harding to file an amended complaint. In doing so, he must (1) address all the shortcomings noted in this order as well as in the Defendants' motions; (2) comply with the pleading requirements in Rules 8(a) and 10(b) of the Federal Rules of Civil Procedure; (3) clearly identify which Defendant is responsible for each particular action or omission; (4) avoid lumping together multiple defendants into a single count or allegation, unless appropriate; (5) supply actual facts rather than relying on purely conclusory or vague allegations; (6) identify which factual allegations and acts pertain to which count; and (7) clearly describe the inaccuracies he alleges were reported, including the nature of those inaccuracies. The Court cautions Harding to plead only facts that are tethered to a viable cause of action against each Defendant and no more. The Court also advises Harding to review the substantive deficiencies identified by the Defendants in their motions and to make sure all those defects are properly addressed in his amended pleading to the extent he can, in good faith, set forth facts that state a viable claim for relief.

For the reasons set forth above, the Court **grants** Experian and Transunion's motions, **in part**, to the extent they seek to strike Harding's complaint as a shotgun pleading and **denies** them, **in part**, **as moot**, as to whether Harding has stated a claim for relief. (**ECF Nos. 23, 33**.) Because the Court **strikes** Harding's complaint, it **denies as moot** Upstart's motion to dismiss based on preclusion grounds. (**ECF No. 31**.) Harding may file an amended complaint by **March 22, 2024**, provided it complies with this order, Federal Rules of Civil Procedure 8(a) and 10(b), and the standards otherwise described above. Harding is forewarned that his **failure to comply with this order may result in the dismissal of his case**. Harding is also cautioned that, despite his pro se status, he must still comply with his obligations under Federal

Rule of Civil Procedure 11 to proceed in good faith in order to avoid the **imposition of monetary sanctions**.

Finally, the Court also **grants** a stay of discovery (**ECF No. 38**) until Harding has filed an amended pleading consistent with the above *and* until at least one Defendant has filed an answer to the amended complaint. Proceeding with discovery based on Harding's initial shotgun pleading, or before the Court is assured Harding's complaint is viable, would result in overly complicated and costly discovery—discovery that ultimately may prove unnecessary. Further, Harding has not supplied any argument that a brief stay of discovery will result in any hardship to him. *See Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997) (recognizing that shotgun pleadings "impede the orderly, efficient, and economic disposition of disputes"); *Vibe Micro*, 878 F.3d at 1294-95 (noting that shotgun pleadings, among other things, "waste scarce judicial resources [and] inexorably broaden the scope of discovery").

**Done and ordered** in Miami, Florida, on March 8, 2024.

                                        Robert N. Scola, Jr.
                                        United States District Judge