United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Ray'Quan Harding, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 23-23775-Civ-Scola |
| | ) |
| Transunion LLC and others, | ) |
| Defendants. | ) |

### Omnibus Order

Plaintiff Ray'Quan Harding, proceeding pro se, seeks to recover damages from Defendants Transunion LLC, Experian Information Solutions, and Upstart Network, Inc., for alleged inaccuracies in his credit reports. (Compl., ECF No. 1.) He also claims Upstart breached its contract with him. (*Id.*) This case has proceeded in fits and starts and is currently in limbo, again. After a series of failed attempts to submit an amended complaint, Harding filed a renewed motion for leave to amend his complaint. (Pl.'s Renewed Mot. for Leave to Am., ECF No. 50; "Fourth" Am. Compl., ECF No. 51.) The Defendants responded, opposing the motion for numerous reasons. (Transunion and Experian's Jt. Resp., ECF No. 55; Upstart's Resp., ECF No. 58.) Harding has replied to those responses (ECF Nos. 57, 59) and the issue is ripe for determination. After review, the Court **grants** Harding's motion (**ECF No. 50**) and deems the complaint Harding titled his "Fourth Amended Complaint" to be the operative pleading (ECF No. 51) in this case. Accordingly, and as further explained below, the Court also **denies** the Defendants' joint motion for clarification as to their scheduling concerns (**ECF No. 63**) as moot. Additionally, the Court **denies** Harding's motion for a settlement conference (**ECF No. 60**) and **discharges** the Court's order to show cause (**ECF No. 61**) regarding the Defendants' position on that proposed settlement conference.

Previously, the Court struck Harding's complaint, providing him an opportunity to amend his complaint to address the deficiencies identified in the Court's order. (Order, ECF No. 43.) In seeking to comply with the Court's order, Harding timely filed an amended complaint. (1st Am. Compl., ECF No. 45.) An hour later, however, he filed another putative amended complaint, which he labeled his "Third Amended Complaint." (2nd Filed Am. Compl., ECF No. 46.) Because Harding had not sought permission to file that new version of his complaint, the Court struck it. (ECF No. 47.) Later that day, Harding filed a motion for leave to, again, amend his complaint, explaining that he had inadvertently uploaded the wrong document. (Pl.'s 1st Mot. for Leave to Am., ECF

No. 48 ("Once the amended complaint was submitted into the docket, Plaintiff reviewed and realized the wrong paperwork was filed in error on Plaintiff's end.") (referring to the first amended complaint Harding filed (ECF No. 45)).) Because Harding had attached his initial complaint to that motion, rather than the version of the complaint he was requesting permission to file, and because the motion was procedurally defective, the Court denied it. (ECF No. 49.) On his now fourth attempt to comply with the Court's order directing him to file an amended complaint, Harding now asks for leave to file yet an entirely different version of his complaint—which he has labeled his "Fourth Amended Complaint." (Pl.'s Renewed Mot.; "Fourth" Am. Compl., ECF No. 51.) Rather than simply agree to Harding's filing this version of the complaint to, in part, remedy Harding's logistical and procedural missteps, the Defendants all oppose Harding's motion on several grounds. (Jt. Resp., ECF No. 55; Upstart's Resp., ECF No. 58.)

  The Defendants' various objections to Harding's filing an amended complaint include untimeliness, undue prejudice, procedural infirmities, the introduction of new issues, futility, and, in Upstart's case, res judicata and an arbitration clause. On the whole, the Court finds these objections miss the mark because they fail to acknowledge the Court's order that explicitly directed Harding to amend his complaint. In the context of that order, forcing Harding, a pro se litigant, to stand on a pleading which he says (and no one disputes) he uploaded by mistake makes no sense. While the Court agrees that Harding's repeated failures to comply with the Court's rules have resulted in inefficiencies and logistical complications in moving this case forward, none of those difficulties amounts to the kind of prejudice that would overcome Rule 15(a)'s liberal amendment standard. Since none of the Defendants has yet responded to the mistakenly filed pleading, their purported grievances as to undue prejudice are unconvincing. Nor does the Court find it appropriate for the Defendants to lodge futility arguments against Harding's proposed amended pleading when the Court explicitly afforded Harding the opportunity to amend his complaint in the first place. To the extent the Defendants believe Harding's amended pleading runs afoul of the Court's order striking his initial complaint or improperly introduces new issues into this litigation, they can address those concerns by responding to the operative complaint. And, to the extent Upstart believes Harding's claims against it are barred by res judicata or an arbitration agreement, it too can address those concerns by filing an appropriate motion—not by objecting to Harding's clumsy attempt to comply with the Court's order.

  At the same time, while the Defendants have certainly not helped matters, Harding's own repeated failures to comply with the Court's rules continue to act as a drain on court resources. The Court has previously warned Harding that his

recurrent violations of the Court's orders and rules may result in sanctions. (*E.g.*, ECF No. 49 ("The Court forewarns the Plaintiff that his continued violation of the Court's rules may result in sanctions."); ECF No. 43, 3–4 ("Harding is forewarned that his **failure to comply with this order may result in the dismissal of his case**. Harding is also cautioned that, despite his pro se status, he must still comply with his obligations under Federal Rule of Civil Procedure 11 to proceed in good faith in order to avoid the **imposition of monetary sanctions**.") (emphases added); ECF No. 30 ("Although the Court is mindful that the Plaintiff is proceeding pro se, and affords him some degree of latitude based on that status, he must nonetheless abide by the Courts rules".).) Troublingly, these admonishments seem to have had little effect. Accordingly, the Court warns Harding in no uncertain terms: any further failure to comply with the Court's orders and rules, absent particularly extenuating circumstances, <u>***will result in sanctions***</u>.

In sum, the Court deems the pleading Harding filed—albeit improperly, just after he filed his motion for leave to amend—labeled his "Fourth Amended Complaint" (**ECF No. 51**), to be **the operative pleading** in this case. The Court orders the Defendants to respond to this complaint on or before **June 14, 2024**.

This case and **all other deadlines otherwise remain stayed** (as set forth in the Court's order striking Harding's initial complaint) until at least one Defendant has filed an answer to the complaint. The deadline to amend the pleadings, which has long since passed, is extended only to the extent necessary for the Defendants to answer the complaint, should Harding's operative pleading ultimately prove viable. The parties are further ordered to file a jointly proposed amended scheduling order within **one week** of any Defendant's answering the complaint. Accordingly, the Court **denies** the Defendants' joint motion for clarification as to their scheduling concerns (**ECF No. 63**) as moot. Additionally, the Court **denies** Harding's motion for a settlement conference (**ECF No. 60**) and **discharges** its order to show cause (ECF No. 61) regarding the Defendants' position on that proposed settlement conference. Should the parties eventually reach an agreement regarding a settlement conference, they can file a joint motion, and only a joint motion, at that time. Finally, the Court directs the Clerk to administratively **close** this case, **terminating** the previously set **calendar call** (November 12, 2024) and **trial date** (November 18, 2024) in this case. Those dates will be reset when the Court enters an amended scheduling order in this case, once at least one

Defendant has answered the complaint.

**Done and ordered** in Miami, Florida, on June 6, 2024.

_____
Robert N. Scola, Jr.
United States District Judge