United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Ray'Quan Harding, Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 23-23775-Civ-Scola |
| ) | |
| Transunion LLC and others, ) | |
| Defendants. ) | |

## Order Granting Temporary Stay

Plaintiff Ray'Quan Harding, proceeding pro se, seeks to recover damages from Defendants Transunion LLC, Experian Information Solutions, and Upstart Network, Inc. for inaccuracies on his credit report. (4th Am. Compl., ECF No. 51.) He also claims Upstart breached its contract with him. (*Id.*) In response, Upstart has filed a motion to dismiss (Upstart's Mot. to Dismiss, ECF No. 67) and Transunion and Experian (the "Credit Agencies"), after answering the complaint, have filed a joint motion for judgment on the pleadings (Credit Agencies' Jt. Mot. for Judgement, ECF No. 75). The Credit Agencies argue that Harding fails to state a claim under the FCRA and that, in any event, his claims are barred by issue preclusion. And Upstart contends, among other things, that Harding's claims are barred by the claim preclusion. Those motions are fully briefed and ripe for review. In the meantime, the Credit Agencies jointly ask, on an expedited basis, that the Court stay discovery, pending the Court's resolution of their motion for judgment on the pleadings. (Jt. Mot. for Stay, ECF No. 77.) Harding objects to the stay, complaining about discovery difficulties involving the Credit Agencies, arguing their motion for judgment on the pleadings lacks merit, and pointing to unnecessary delay that would be occasioned by any discovery stay. (Pl.'s Resp., ECF No. 78.) The Credit Agencies have timely responded. (Def.'s Jt. Reply, 84.) Having considered the parties' arguments and for the following reasons, the Court finds a limited stay in this case warranted and therefore **grants** the Credit Agencies' request for a temporary stay of discovery. (**ECF No. 77**.)

District courts are given "broad discretion over the management of pre-trial activities, including discovery and scheduling." *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001). And district courts have "broad authority to grant a stay." *In re Application of Alves Braga*, 789 F. Supp. 2d 1294, 1307 (S.D. Fla. 2011) (Goodman, Mag. J.) Courts consider the relative prejudice and hardship "worked on each party if a stay is or is not granted" and general efficiency. *Fitzer v. Am. Institute of Baking, Inc.*, No. 209-cv-169, 2010 WL

1955974 (S.D. Ga. May 13, 2010); *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1988) (noting that a court must also weigh "the harm produced by a delay in discovery" against "the likely costs and burdens of proceeding with discovery") (citations omitted). Moreover, so long as a stay is neither "immoderate" nor indefinite, a stay can be appropriate in the interest of judicial convenience. *Ortega Trujillo v. Conover & Co. Communications, Inc.*, 221 F.3d 1262 (11th Cir. 2000) (provided a stay will expire within reasonable limits, it is not immoderate). In considering the balance, a court may take a "preliminary peek" at the merits of a dispositive motion to see if it "appears to be clearly meritorious and truly case dispositive." *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006).

After a "preliminary peek" at the Credit Agencies' motion for judgment on the pleadings and the concomitant briefing, the Court finds that the issues raised appear to be both "clearly meritorious and truly case dispositive." *See Ray v. Spirit Airlines, Inc.*, No. 12-61528-CIV, 2012 WL 5471793, at *1 (S.D. Fla. Nov. 9, 2012) (Scola, J.) (quoting *Feldman,* 176 F.R.D. at 652–53). The Court finds the Credit Agencies' arguments both as to issue preclusion as well as Harding's failure to state a claim under the FCRA compelling and their motion likely to be granted. This is particularly so in light Harding's failure to substantively respond, in large part, to the Credit Agencies' arguments. Because the Court is very likely to grant the Credit Agencies' motion for judgment on the pleadings (as well as Upstart's motion to dismiss on preclusion grounds), proceeding with discovery in this case would be overly complex and costly. Further, Harding has failed to identify any actual harm or prejudice that would outweigh the efficiencies gained as a result of the temporary pause in the litigation of this case. In the event that the Court is mistaken, and the Credit Agencies' motion is ultimately denied, Harding will be afforded sufficient opportunity to conduct fulsome discovery once his claims advance. In short, in weighing the harm of a stay against the likelihood that the Court will dismiss the case, the Court finds good cause to grant the Credit Agencies' motion for a stay.

The Court thus **grants** the Credit Agencies' motion to stay (**ECF No. 77**). Discovery is therefore **stayed** until this Court issues its order on the Credit Agencies' motion for judgment on the pleadings. If the motion is ultimately denied, discovery must immediately move forward. While discovery is stayed, the parties may not take any action related to discovery.

**Done and ordered** in Miami, Florida, on August 16, 2024.

_____
Robert N. Scola, Jr.
United States District Judge